UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                         )<br>           Plaintiff,              )<br>                                                         )<br>    -vs-                                              )<br>                                                         )<br>                                                         )<br>                                                         )<br>$11,268.00 IN UNITED STATES  )<br>CURRENCY,                              )<br>                                                         )<br>           Defendant.            )<br>_____)  | Civil Action No.: 4:10-cv-2175-TLW-TER<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

The United States brings this <u>in rem</u> civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6) and Supplemental Rule G(2), Fed.R.Civ.P. Michael Alan Tucker (the Claimant), proceeding <u>pro se</u>, filed a Notice of Claim (Document # 7) on September 29, 2010, and an Answer (Document # 10) on November 18, 2010. Presently before the Court is the United States' Motion for Summary Judgment (Document # 17). Because the Claimant is proceeding <u>pro se</u>, he was advised pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion for Summary Judgment could result in a recommendation that the Motion be granted. The Claimant has not responded to the Motion for Summary Judgment.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. This Report and Recommendation is entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

Defendant Currency, $11,268, was seized from the possession of the Claimant on March 14, 2010, in Marion County, South Carolina by an investigator with the Nichols Police Department when the investigator stopped the vehicle driven by the Claimant for a speeding violation. Complaint ¶¶

4, 8a. When the investigator approached the vehicle he noticed an open bottle of beer in plain view inside the vehicle. Id. at ¶ 8b. He also noticed that the Claimant's hand was shaking and he appeared extremely nervous. Id. The investigator asked the Claimant to step out of the vehicle and asked permission to search the vehicle. Id. The Claimant indicated that the investigator would have to ask the passenger, who was the owner of the vehicle. Id. A search of the vehicle revealed two open cans of beer, and a large green, leafy type substance in a plastic bag, which appeared to be marijuana. Id. at ¶ 8c. As a safety measure, the investigator conducted a pat-down search of the Claimant and discovered a large sum of cash in his left front pocket. Id.

A drug dog was called to the scene and alerted to the front passenger compartment of the vehicle and to a black suitcase that had been removed from the vehicle along with other luggage. Id. at ¶ 8d. A further search of the vehicle and the luggage revealed a one-dollar bill with white residue on the inside believed to be cocaine, an open bottle of vodka, and open bottle of tequila, approximately 15 grams of marijuana, rolling paper and a suitcase with marijuana residue. Id. at ¶ 8f.

The Claimant later consented to allow the investigator to search his cell phone and the investigator saw several text messages with language indicative of drug trafficking. Id. at ¶ 8g. When the investigator asked the Claimant to explain the messages, the Claimant rescinded his consent. Id. The investigator later obtained a search warrant for the passenger's phone and found text messages containing language consistent with and indicative of drug trafficking. Id. at ¶ 8i.

The investigator asked the passenger why the Claimant had so much money on him, and the passenger responded that the Claimant was planning to look at a car for sale but never could get in touch with the friend who had it for sale and never looked at the car. Id. at ¶ 8g. Conversely, the Claimant stated that he did get in touch with his friend and did look at the car and a truck. Id.

The Claimant and the passenger each received uniform traffic tickets for simple possession of marijuana. Id. at ¶ 8h. The Claimant also received a ticket for speeding, open container, and a Alcoholic Beverage Control violation. Id.

Custody of seized currency was transferred to the Drug Enforcement Administration (DEA) and the United States Marshals Service (USMS). Id. at ¶ 8h. An official bank count of the seized currency totaled $11,268. Id. at ¶ 8j.

In his Notice of Claim and his Answer, the Claimant asserts that the seized currency was part of a settlement he received from State Farm Mutual Automobile Insurance Company as a result of an accident he was involved in.

On March 11, 2011, the United States served the Claimant with discovery requests, which included Requests for Admission. The Claimant failed to respond to the discovery requests, including the Requests for Admission.

### III.     STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could

reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**IV.    DISCUSSION**

Plaintiff seeks forfeiture of $11,268 in United States currency pursuant to 21 U.S.C. § 881(a)(6), which provides in relevant part,

> (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> * * *
>
> (6) All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

Pursuant to Fed.R.Civ.P. 36(a)(3), because the Claimant failed to respond to Plaintiff's

-4-

Requests for Admission, the matters contained therein are deemed admitted. Accordingly, the Claimant admits that the $11,268.00 in United State Currency, or a portion thereof, was furnished or intended to be furnished, in exchange for a controlled substance, was traceable to an exchange for a controlled substance, was used or intended to be used to facilitate an exchange for a controlled substance, and was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, no genuine dispute of material fact exists and summary judgment in favor of Plaintiff is appropriate.

## V.    CONCLUSION

In light of the facts deemed admitted as a result of the Claimant's failure to respond to the Requests for Admission, it is recommended that Plaintiff's Motion for Summary Judgment (Document # 17) be granted and that judgment be entered in favor of Plaintiff.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 17, 2011
Florence, South Carolina

**The parties are directed to the important information on the following page.**